IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAURA THRELKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. _____ |
| | ) |
| MEDICAL DERMATOLOGY SPECIALISTS, PC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Ms. Laura Threlkel ("Plaintiff" or "Ms. Threlkel") submits the following Complaint for Damages and Equitable Relief against Medical Dermatology Specialists, PC ("Defendant" or "MDS") and shows as follows:

## INTRODUCTION

1.

This employment case arises from Defendant MDS's pregnancy discrimination, disability discrimination, failure to provide reasonable accommodation, and retaliation.

2.

Plaintiff asserts claims under violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e

et seq. ("Title VII") and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*. ("ADAAA"). She seeks back pay and lost economic benefits of her employment, reinstatement or front pay in lieu of reinstatement, compensatory and punitive damages, and reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

3.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a), and 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(3)).

4.

Venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.

Ms. Laura Threlkel is a citizen of the United States residing in the State of Georgia. At all relevant times, Plaintiff was employed by MDS.

6.

Defendant is a private corporation under Georgia law and conducts business throughout the state of Georgia. Defendant may be served by personal service on its

registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805, USA

7.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under Title VII at 42 U.S.C. § 2000e(f).

8.

Defendant is now and, at all times relevant hereto, has been a domestic limited liability company engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

10.

Plaintiff is an "employee" as defined by the ADA.

11.

Plaintiff is a "qualified individual with a disability" as that term is used and defined by the ADA.

12.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration and period under the ADA. Defendant is therefore covered under the ADAAA in accordance with 42 U.S.C. § 12111(5).

## ADMINISTRATIVE PROCEEDINGS

13.

Plaintiff timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

14.

Plaintiff received the Notice of Right to Sue from the EEOC and has complied with all other conditions precedent to assert her claims under Title VII and the ADAAA in this lawsuit.

## FACTS

15.

Ms. Threlkel was hired as a Scribe for Medical Dermatology Specialists on July 26, 2021.

16.

On September 30, 2021, Ms. Threlkel was so sick that she had to tell the office manager, Enka McKinney that she was pregnant and suffering from severe morning

sickness. Ms. McKinney allowed Ms. Threlkel remain home and stated that she had suspected that she was pregnant.

17.

Ms. Threlkel was too sick to return to work on October 1, 2021 and requested to stay home.

18.

Ms. Threlkel was able to return to work from October 4, 2021, to October 15, 2021. During this time, Ms. Threlkel was vomiting multiple times a day while at work.

19.

At this time, Ms. Threlkel requested to work remotely one or more days a week because of how sick she was, and Defendant denied the request.

20.

Ms. Threlkel also requested to work part-time rather than full-time because of her disability but this request was also denied.

21.

Other non-pregnant scribes were able to work remotely, and Ms. Threlkel was the only scribe required to work full-time Monday through Friday and in person.

22.

When Ms. Threlkel told Ms. Ann Marie Edwards, the practice administrator, that she was severely sick and that she was having a hard time with how much she was vomiting, Ms. Edwards told her that "everyone gets morning sickness."

23.

On October 17, 2021, Ms. Threlkel informed Ms. McKinney that she would need one to two days off and that she had been so sick that her doctor was concerned about her and she felt that she would collapse if she went to work. Ms. Threlkel also let her know that she had secured coverage for her shift.

24.

On October 18, 2021, Ms. Threlkel informed Ms. McKinney that she would not be able to be in the office the next day.

25.

Ms. McKinney responded that they could not continue to be short-staffed and that they would have to consider other options if Ms. Threlkel continued to disrupt work.

26.

Ms. Threlkel responded that she had been so sick that her doctor was concerned about dehydration and malnourishment because she could not keep any food down. She then asked if Ms. McKinney had any advice for her.

27.

Ms. McKinney told her to rest and get better but to also know that they could not guarantee that they will always be accommodating.

28.

On October 19, 2021, Ms. Threlkel let Ms. McKinney know that she had to go to the emergency room that day and had been diagnosed with hyperemesis gravidarum and that she would need to be out of work for the remainder of the week. Ms. Threlkel let Ms. McKinney know that she had secured coverage again for her shifts.

29.

Hyperemesis gravidarum is a rare and dangerous pregnancy-related disability that causes severe nausea and can cause life-threatening dehydratilon if not monitored and treated. This condition affected Ms. Threlkel's ability to perform major life activities and limited major bodily functions.

30.

On October 23, 2021, Ms. Threlkel informed Ms. McKinney that she was still very sick, completely bedridden, and requested a leave of absence.

31.

Ms. McKinney told her that she would ask Dr. Weisman and that a doctor's note would help. She also asked how long Ms. Threlkel's doctor said that she would be bedridden.

32.

Ms. Threlkel stated that her doctor did not say but that she had seen it could be twenty weeks or later and hopefully she would be better soon.

33.

Two days later, on October 25, 2021, Ms. McKinney terminated Ms. Threlkel and said that they would not be able to hold the position.

## COUNT I

**PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT**

34.

Plaintiff incorporates paragraphs 15-32 as if set forth fully herein.

35.

Plaintiff was pregnant and suffered from a pregnancy-related disability.

36.

Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment constitute unlawful discrimination on the basis of her gender and pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981A.

37.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

38.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her pregnancy.

39.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been adversely affected and has suffered psychologically and physically because of Defendant's actions.

9

40.

Accordingly, Defendant is liable for the damages Plaintiff has sustained because of Defendant's unlawful discrimination.

## COUNT II

### FAILURE TO ACCOMMODATE IN VIOLATION OF TITLE VII, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT

41.

Plaintiff incorporates paragraphs 15-32 herein by reference as if set forth fully herein.

42.

Defendant violated the PDA by failing to grant Plaintiff reasonable accommodation.

43.

Defendants accommodated non-pregnant employees who requested to work remotely or needed short-term or intermittent leave due to non-pregnancy-related disabilities, or who were similarly limited in their ability or inability to perform job functions.

44.

Defendants cannot show that it would have been an undue burden to allow Plaintiff to take this leave, work remotely, or move to part-time.

45.

Rather than accommodate Plaintiff, Defendants terminated Plaintiff's employment.

46.

As a result of Defendant's failure to accommodate, Plaintiff is entitled to recover the relief requested below.

## COUNT III

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

47.

Plaintiff incorporates paragraphs 15-32 as if set forth fully herein.

48.

At all times relevant, Ms. Threlkel was an individual with a disability as defined by the ADAAA, 42 U.S.C. § 12102(1), since she had physical impairments that substantially limited one or more major life activities, she had a record of such impairments, and she was regarded as a person with such impairments.

49.

At all relevant times, Ms. Threlkel has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and she was able to perform the essential functions of her job with or without a reasonable accommodation.

50.

Defendant was aware of Plaintiff's disabilities at the time of the actions complained of herein.

51.

Defendant intentionally discriminated against Ms. Threlkel by subjecting her to adverse employment actions including, but not limited to, failing to accommodate her disability and terminating her employment, because of her disability.

52.

Defendant violated Ms. Threlkel's rights under the ADAAA, 42 U.S.C. § 12112, by discriminating against her because of her disability.

53.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Threlkel has suffered out-of-pocket losses and has been deprived of job-related

economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

54.

Defendant's actions have caused and will continue to cause Ms. Threlkel to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

55.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Threlkel's federally protected rights, and she is therefore entitled to punitive damages.

56.

Ms. Threlkel is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT IV

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

57.

Plaintiff incorporates paragraphs 15-32 herein by reference as if set forth fully herein.

58.

At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

59.

At all times relevant, Ms. Threlkel was an individual with a disability as defined under the ADAAA, 42 U.S.C. § 12102(1), inasmuch as she had physical impairments that substantially limited one or more major life activities, she had a record of such impairments, and she was regarded as a person with such impairments.

60.

At all relevant times, Ms. Threlkel has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and able to perform the essential functions of her job with or without a reasonable accommodation.

61.

Defendant intentionally discriminated against Ms. Threlkel by failing and refusing to accommodate her requests for reasonable accommodation, including but not limited to, a leave of absence, and by terminating she after she requested leave.

62.

Defendant's actions amount to a violation of 42 U.S.C. § 12112(a)-(b)(5)(A), which prohibits discrimination on the basis of disability in the form of not making reasonable accommodations for disabilities.

63.

As a direct and proximate result of Defendant's intentional discrimination and failure and refusal to accommodate Ms. Threlkel, she has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits all in an amount to be established at trial.

64.

Defendant's actions have caused and will continue to cause Ms. Threlkel to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

65.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Threlkel's federally protected rights, and she is therefore entitled to punitive damages.

66.

Ms. Threlkel is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT V

## RETALIATION IN VIOLATION OF THE ADA

67.

Plaintiff incorporates paragraphs 15-32 as if set forth fully herein.

68.

At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

69.

At all times relevant, Ms. Threlkel was an individual with a disability as defined under the ADAAA, 42 U.S.C. § 12102(1), inasmuch as she had physical

impairments that substantially limited one or more major life activities, she had a record of such impairments, and she was regarded as a person with such impairments.

70.

At all relevant times, Ms. Threlkel has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and able to perform the essential functions of her job with or without a reasonable accommodation.

71.

Defendant intentionally retaliated against Ms. Threlkel by, among other things, terminating her employment after she requested a reasonable accommodation in the form of medical leave, and because of her disabilities.

72.

Defendant's actions amount to a violation of the ADAAA, which prohibits retaliation because an individual requests a reasonable accommodation or seeks to exercise rights under the Act. 42 U.S.C. § 12203.

73.

As a direct and proximate result of Defendant's unlawful retaliation against Ms. Threlkel, she has suffered out of pocket losses and has been deprived of job-

related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

74.

Defendant's actions have caused, continue to cause, and will cause Ms. Threlkel to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

75.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Threlkel ' federally protected rights, and she is therefore entitled to punitive damages.

76.

Ms. Threlkel is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A.  That the Court take jurisdiction of this matter;

B. That process be served;

C. That the Court award Plaintiff her back pay and lost economic benefits of employment and front pay in an amount to be determined at the trial of this case;

D. That the Court award compensatory damages in an amount to be determined by the trier of fact;

E. That the Court award Plaintiff her costs of litigation in this action and her reasonable attorney's fees;

F. That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

G. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 27th day of December, 2022.

**HALL & LAMPROS, LLP**

*/s/ Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958
*Counsel for Plaintiff*

300 Galleria Pkwy, Suite 300
Atlanta, GA 30339
Telephone: (404) 876-8100
Facsimile: (404) 876-3477
grace@hallandlampros.com